UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES L. LIGHT, JR.,

    Plaintiff,

v.                                              CASE NO: 8:05-cv-888-T-23TBM

THE CITY OF PLANT CITY, et al.,

    Defendants.
_____/

**ORDER**

The *pro se* plaintiff sues the defendants for (1) malicious prosecution in violation of civil rights enforceable under 42 U.S.C. § 1983, (2) slander and defamation, (3) negligent hiring, and (4) ongoing conspiracy "to incriminate the character of the litigant" (Doc. 1).  The complaint consists of 116 paragraphs of rambling, disjointed, and often incoherent allegations, which are characteristic of a "shotgun" pleading -- a distinctly disfavored form of pleading under the rules.  See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 164-65 (11th Cir. 1997).  The City of Plant City ("Plant City"), the only defendant served by the plaintiff, moves (Doc. 12) to dismiss the complaint for failure to state a claim.

Section 1983 provides no substantive federal right and no independent right to be free from malicious prosecution exists elsewhere.  Albright v. Oliver, 510 U.S. 266, 269 (1994) (plurality opinion) (holding that Section 1983 provides no substantive rights, "but merely provides 'a method for vindicating federal rights elsewhere conferred'") (quoting

Baker v. McCollan, 99 S.Ct. 2689, 2694, n.3 (1979)).  Accordingly, a federal claim for malicious prosecution under 42 U.S.C. § 1983 requires the violation of a specific federal right. Whiting v. Traylor, 85 F.3d 581, 583 (11th Cir. 1996).  "To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right to be free from unreasonable seizures." Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004) (citing Wood v. Kesler, 323 F.3d 872, 881 (11th Cir.2003), cert. denied, 540 U.S. 879 (2003)); Koger v. Florida, 130 Fed.Appx. 327, 333 (11th Cir. 2005).

Common law malicious prosecution requires a showing that "(1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding." Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004) (citing Durkin v. Davis, 814 So.2d 1246, 1248 (Fla. 2d DCA 2002)).

Although difficult to decipher, the plaintiff apparently claims that, in connection with his aggravated assault prosecution in 1993, the defendants fabricated evidence against him, failed to consider potentially exculpatory information, and refused to investigate impartially (Doc. 1).  However, the complaint fails to allege either that Plant

City was the legal cause of any legal proceeding or that Plant City acted with malice. Indeed, other than naming Plant City as a defendant, the complaint contains no specific factual allegation against Plant City but alleges facts against only employees of Plant City.[1]  "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed . . . ." Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974).

Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the acts of its employees. Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978) (holding that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"); McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).  Absent some policy or custom that deprives the plaintiff of a constitutional right, a municipality incurs no liability for the plaintiff's prosecution or seizure, even if unconstitutional. City of Canton v. Harris, 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue.").  The plaintiff fails to identify any policy or custom that caused the alleged constitutional deprivation.

---

[1] The plaintiff also bears the "onerous burden" of demonstrating a lack of probable cause for the prosecution of the aggravated assault charge. Martinez v. Brink's, Inc., No. 04-14609, 2006 WL 551239, at *3 (11th Cir. Mar. 8, 2006) (citing Burns v. GCC Beverages, Inc., 502 So.2d 1217, 1219 (Fla. 1986)).  The plaintiff must demonstrate that the proceeding was initiated "without a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." Burns, 502 So.2d at 1219.

- 3 -

To establish a policy or custom, a plaintiff must show a "persistent and wide-spread practice," and "actual or constructive knowledge of such customs must be attributed to a governing body of the municipality." Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999). Absent policymaking authority, a single incident of misconduct by an individual (or individuals) fails to establish a policy or custom on the part of a municipality under Section 1983. Oklahoma City v. Tuttle, 471 U.S. 808 (1985); Gilmere v. Atlanta, 737 F.2d 894 (11th Cir. 1984).

Because the plaintiff's allegations describe the actions of only Plant City's employees and otherwise fail to allege any policy or custom causing a constitutional deprivation, the complaint fails to state a claim against Plant City. Accordingly, Plant City's motion to dismiss (Doc. 12) is **GRANTED**.[2] The plaintiff's "motion to answer constitutional question" (Doc. 23) and "motion for continuance" (Doc. 29) provide no basis for relief and are **DENIED**. Plant City's motions to strike (Docs. 24, 30) are **DENIED**.

On or before **June 26, 2006**, the plaintiff may file an amended complaint, absent which this action will be dismissed with prejudice.[3] An amended complaint should (1)

---

[2] The plaintiff's claims (Counts II and III) for slander, defamation, and negligent hiring are **DISMISSED WITH PREJUDICE** because it is "apparent from the face of the complaint" that the claims are time-barred by the applicable statute of limitations. See Fla. Stat. § 95.11(3); Grasta v. First Union Securities, Inc., 358 F.3d 840, 846 (11th Cir. 2004); Carmichael v. Nissan Motor Acceptance Corp., 291 F.3d 1278, 1279 (11th Cir. 2002). The plaintiff's remaining claim (Count IV) for "ongoing conspiracy to incriminate the character of the litigant" is **DISMISSED** for failure to state a cognizable claim.

[3] The plaintiff is entitled to proceed *pro se,* and a pleading drafted by a *pro se* party is interpreted under less stringent standards than a pleading drafted by an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "[e]ven in the case of *pro se* litigants . . . leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an

(continued...)

provide a "short and plain statement of the claims" as required by Rule 8(a), Federal Rules of Civil Procedure, (2) identify and allege separately each claim for relief, and (3) allege specific facts (date, time, place, persons involved, specifics of the event) in support of each claim for relief against each defendant.

The plaintiff instituted this action on May 11, 2005. More than one hundred twenty (120) days have passed since the filing of the complaint, but ten of the eleven defendants named in the complaint have not appeared voluntarily and the plaintiff has failed to file proof of service of process pursuant to Rule 4, Federal Rules of Civil Procedure. Accordingly, the plaintiff is ordered to show, by filing a written response on or before **June 26, 2006**, why this action should not be dismissed for failure to serve and for failure to prosecute pursuant to Rule 4(m), Federal Rules of Civil Procedure. Failure to comply with this order will result in dismissal of the case without further notice.

ORDERED in Tampa, Florida, on June 6, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   Pro Se Plaintiff

---

   [3](...continued)
otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). In view of the complexity of this case, the plaintiff is urged to obtain the assistance of counsel. Attached to this order is a **"Notice to Federal Pro Se Litigants"** from the Tampa Bay Chapter of the Federal Bar Association. The plaintiff is encouraged to review the Notice and to contact the Federal Bar Association for assistance in prosecuting this action.